## G. A. LANDRY V. THE STATE.

No. 11588.   Delivered May 30, 1928.

The opinion states the case.

*F. G. Vaughn* and *David E. O'Fiel* of Beaumont, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is burglary of a private residence, the punishment confinement in the penitentiary for five years.

B. B. Tolbert testified that appellant entered his private residence by force at 1 : 09 a. m. and took a pair of trousers belonging to him containing $3.25. The witness positively identified appellant as the intruder and testified that the light made by a flashlight carried by appellant showed that the lense was broken. He further testified to the color and kind of hat worn by appellant. On the night of the burglary a car belonging to appellant was found some thirty blocks from the house of the injured party. The engine was running. The officers went back later and the car was gone. Appellant's residence was searched, with the result that a flashlight with a broken lense was found. A hat was found in his restaurant which appeared to suit the description of the hat described as having been worn by appellant on the night. of the burglary. Appellant relied upon an alibi.

Numerous bills of exception are brought forward wherein complaint is made of the action of the trial court in permitting witnesses

to testify as to what was found when appellant's house was searched. It is stated as a ground of objection that the affidavit for the search warrant was made on information and belief. No part of the affidavit appears in the bill of exception. When the error complained of is that the search was made without a valid warrant the bill of exception is incomplete when it fails to set out the warrant in substance or in detail. It is obvious that said bills are insufficient to manifest error. Fisher v. State, 108 Tex. Crim. Rep. 332.

Appellant complains of the action of the court in permitting a witness for the state to testify over his objection that on the night of the burglary the injured party described to him the man who had burglarized his house. If such evidence was improperly admitted, its receipt was harmless. The injured party testified without objection that he described the party who entered his house to the officers immediately after the burglary had been committed. Thus the same testimony being in the record without objection, its receipt, if error, was harmless.

Finding no error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.